**James Kirby DAVIS, A/K/A Kirby Davis, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-86-525-CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 28, 1987.

Joel B. Johnson, Joseph & Johnson, P.C., Sinton, for appellant.

David Aken, Co. Atty., Sinton, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Appellant was convicted of enticing a child and assessed punishment of a fine of $1,000.00 and 180 days in jail. The jail time and $900.00 of the fine were probated for 180 days.

By his sole point of error, appellant challenges the sufficiency of the evidence, arguing that the statute creating this offense does not apply to custody and visitation disputes between parents of a child.

Tex.Penal Code Ann. § 25.04 (Vernon 1974) provides that it is a Class B misdemeanor for a person to knowingly entice, persuade, or take a child younger than 18 years from the custody of the parent or guardian or person standing in the stead of the parent or guardian, with the intent to interfere with the lawful custody of the child. While this statute retains the title in the Penal Code of prior article 535 "Enticing a Child," the inclusion of the language "persuade or take" in the present statute makes it broader than its predecessor.

The evidence presented to the trial court included testimony that appellant is the adoptive father of the child; that the child was six years of age at the time of the trial; that appellant and the mother of the child were divorced at the time of the alleged offense; that the divorce decree made the mother the managing conservator and appellant the possessory conservator of the child; that the date of the occurrence in question was not a date specified as a time when appellant was to have possession of the child; and that the child was at his residence with his mother in their apartment, in her custody when the events occurred.

The evidence further shows that appellant came to the apartment to obtain possession of another, smaller child, created a disturbance sufficient to require police assistance, and that appellant left the premises at the direction of the police. Shortly thereafter, at approximately 9:00 p.m., appellant reappeared and the mother of the child barricaded the front door of the apartment to prevent appellant's entrance. Thereafter, appellant broke a back bedroom window and was partially in the room

when the mother of the child fled to a neighbor's to seek assistance. When she returned, the child was gone and was located later the same evening with appellant. The child was returned to his mother that same evening. The mother did not give appellant permission to take the child, nor did she give the child permission to leave her premises or go with appellant.

We find this evidence sufficient to sustain appellant's conviction.

Appellant cites no cases in support of his contention that this statute does not apply to custody or visitation disputes between parents, although he argues his position persuasively, both in his brief and in oral argument. Unfortunately, the State did not see fit to favor this Court with either a brief or appearance at oral argument.

There is nothing in the statute that reflects the intention of the legislature to exclude people in appellant's class from the prohibitions of this law and in fact, the clear language of the statute would seem to apply to appellant in this situation.

Appellant's point of error is overruled and the judgment of the trial court is AFFIRMED.